IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.  CASE NO. 1:00-CR-106

RODNEY MILLER,  (KANE)

defendant



DEFENDANT'S BRIEF IN SUPPORT OF MOTION

FOR RETURN OF PROPERTY/EVIDENCE

Now this 17th day of August 2005 comes the defendant and does file his brief in support of his motion of May 26th. **BACKGROUND:** On or about December 16th, 1999 the Pennsylvania State Police seized the defendant's firearms and various other property in his absence. (see exhibit A, Criminal Complaint/ Affidavit of Probable Cause) At about this time the Commonwealth of Pennsylvania per the state police charged the defendant with felon not to possess a firearm.

On or about April 18, 2000 the Commonwealth of Pennsylvania dismissed the charges against the defendant. At about this time the defendant was arraigned in federal court on a charge of 922(g) felon not to possess a firearm.

On or about July 12, 2000 the defendant pled guilty to one count of 922(g) via a plea agreement.

**ARGUMENT;** The Pennsylvania State Police have been in possession of the defendant's property in this case since about December 16, 1999. The Bureau of Alcohol Tobacco and Firearms and the federal government have never had possession of the defendant's property and of course never had to produce it as evidence, as a trial was never had in regard to the defendant.

More than five years has expired since the acquisition of the defendant's property, the arraignment and guilty plea of the defendant in this case and therefore the federal government lacks jurisdiction in this matter of property.

In the event the federal government does have jurisdiction in this matter of property, let it be shown that the defendant has made numerous requests of the prosecutor, Mr. James Clancy, the Pennsylvania State Police, per Mr Ivan Taylor, and the BATF, per a Ms Lisa Shatzer to release defendant's property to a third party legally allowed to receive. (see exhibits B, C, D, E)

Also let it be noted that some of the firearms were legally obtained by the defendant before his felony conviction in 1989. In fact one was given him by his parents at the age of 12 years, in 1969 as a Christmas gift.

In addition to all this there is a question as to the defendant's rights to possess firearms being restored to him under Pennsylvania statue law.

**CONCLUSION;** If the court has jurisdiction over the defendant's property, it should be ordered released to the defendant's designated party lawfully allowed to receive.

Without Prejudice,
Authorized Representative, Attorney-In-Fact,

_____ 8-7-05
Secured Party Creditor in behalf of
RODNEY MILLER(c), ENS LEGIS

(3)

Clerk, U.S. District Court

228 Walnut St.

P.O. Box 983

Harrisburg, Pa. 17108

Dear Clerk,

Please return a time/date stamped copy of the herein brief per my enclosed pre addressed stamped envelope.

<u>THANK YOU</u>,

RODNEY MILLER



RODNEY MILLER, 10057-067
UPS POLLOCK
P.O. BOX 2099
POLLOCK, LA 71467

ATTN: CLERK
U.S. District Court
228 Walnut St.
P.O. Box 983

LEGAL MAIL

Time SENSITIVE - MAILED: 8-20-05

08-20-05

THE ENCLOSED ... PENITENTIARY
... THROUGH
... FORWARDING TO
... OPENED NOR
... A QUESTION OR
... FACILITY HAS JURIS-
... RETURN THE MATERIAL
... CLARIFICATION, IF
... CORRESPONDENCE FOR
... ESSEE. PLEASE
... TO THE ABOVE ADDRESS.

7004 2890 0001 7855 3227